UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 2:24-cv-09730-FLA-ACCV | Date: | April 21, 2026 |
|---|---|---|---|
| Title: | *Corey Matthew Crawley v. Leanna Lundy* | | |

| Present: The Honorable | Angela C. C. Viramontes, United States Magistrate Judge |
|---|---|

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

| Proceedings (IN CHAMBERS): | **ORDER TO SHOW CAUSE WHY DEFENDANT GONZALES SHOULD NOT BE DISMISSED** |
|---|---|

## 1. Background

On November 4, 2024, plaintiff Corey Matthew Crawley ("Plaintiff") filed a complaint ("Complaint" or "Compl.") alleging violations of civil rights under 42 U.S.C. § 1983 ("§ 1983") against Leanna Lundy and Officer Gonzales. (Electronic Case Filing Number ("ECF No.") 1, Compl.)  After the Court screened and dismissed with leave to amend Plaintiff's complaint, on July 15, 2025, Plaintiff filed the operative First Amended Complaint ("FAC") naming Correctional Officer Gonzales ("CO Gonzales") as defendant.  (ECF No. 13, FAC.)  On September 4, 2025, the Court issued the summons ("Summons") as to CO Gonzales and ordered service under the Central District's e-service pilot program.  (ECF Nos. 14, 15.)

On September 23, 2025, CDCR informed the Court that CO Gonzales could not be identified because there are two officers named Gonzales assigned to the relevant unit but neither was assigned as a floor officer.  (ECF No. 17.)

Consequently, CO Gonzales has not been served with the Complaint or appeared in this matter.  (ECF No. 17.)

## 2.  Service Requirements

"[S]ervice of process is the means by which a court asserts its jurisdiction over the person[.]"  *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citation omitted).  "'Service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant[.]'"  *Id.* (quoting Federal Rule Civil Procedure ("Fed. R. Civ. P." or "Rule") 4(k)).  "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time[,]" however, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).

Here, because CDCR was unable to identify CO Gonzales, CO Gonzales has not been served with the Summons and Complaint, nor has CO Gonzales filed a waiver of service.  Therefore, the Court currently lacks personal jurisdiction over this defendant, and CO Gonzales is subject to dismissal under Rule 4.

However, "in circumstances where the defendants' identity are not known prior to filing the action," the Court may afford a plaintiff the "opportunity to identify the defendant through limited discovery, 'unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds.'"  *Mohammad v. California Department of Corrections*, Case No. 14-cv-03837-BLF, 2015 WL 720721, at *1 (N.D. Cal. Feb. 18, 2015) (quoting *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999)).  Such limited discovery may be accomplished pursuant to Rule 45 through a third-party subpoena directed to CDCR seeking the correct identity of CO Gonzales.  *See id.* (citing Fed. R. Civ. P. 45).

If Plaintiff wishes to obtain documents or information from a third party, Plaintiff must obtain a Rule 45 subpoena *duces tecum*, which is a document that requires another person to turn over information to Plaintiff, such as a defendant's full name or title.  A Rule 45 subpoena *duces tecum* should clearly identify the documents that would have the information that Plaintiff is seeking and explain why the company, person, or entity not named in this lawsuit would have these documents and/or this information.  *See Davis v. Ramen*, No. 1:06-CV-01216-AWI-SKO-PC, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010).

Plaintiff should note that his subpoenas **should not** be filed with the Court. Instead, Plaintiff should serve his subpoenas on the parties who he believes have the documents containing the information he seeks.  Plaintiff may use the Central District's form for a Rule 45 subpoena *duces tecum* (Form AO-88B) to obtain the needed information.  Further, because Plaintiff is proceeding *in forma pauperis*, he can request that the Court order service of the subpoena by the U.S. Marshalls Service on the parties from whom Plaintiff seeks information.  Plaintiff must expressly request this service from the Court and indicate, specifically, which parties he seeks to serve.

The Court directs the Clerk of Court to provide Plaintiff with Form AO-88B. Plaintiff may serve any subpoenas *duces tecum* (Form AO-88B) on the parties who he believes have the documents containing the information he requires to pursue his case.

## 3.  Action Plaintiff Must Take

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, by **May 6, 2026,** why CO Gonzales should not be dismissed from this matter due to the Court's lack of personal jurisdiction over CO Gonzales as an unserved defendant.  Plaintiff may comply with this Order to Show Cause ("OSC") by issuing a third-party subpoena to California State Prison, Los Angeles County or CDCR under Rule 45 seeking the correct identity of CO Gonzales by May 1, 2026 **and** filing a response to this OSC indicating the steps Plaintiff has taken to obtain the name of CO Gonzales so the defendant may be served and subject to the Court's jurisdiction.

Plaintiff is warned that failure to timely satisfy this order **will result in a recommendation to the assigned United States District Judge that Correctional Officer Gonzales be dismissed from this action without prejudice** in accordance with Rule 4(m) due to the Court's lack of personal jurisdiction and for failure to prosecute and follow Court orders.  Since CO Gonzales is the only defendant named in this case, if CO Gonzales is dismissed from the case, the Court will recommend to the assigned United States District Judge that the case be dismissed without prejudice.  Any extension of time to comply with the OSC will only be granted for good cause shown.

Alternatively, Plaintiff may request to voluntarily dismiss the claims against CO Gonzales and the case, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).

**IT IS SO ORDERED.**